# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHRISTOPHER PEPPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | FILE NO. 1:17-cv-03871-TWT |
| PRIME RATE PREMIUM ) | |
| FINANCE CORPORATION, ) | |
| COVINGTON SPECIALTY ) | |
| INSURANCE COMPANY, ) | |
| SEGUROS UNIVERSAL, INC., ) | |
| d/b/a ATL INSURANCE, LLC, and ) | |
| TAPCO UNDERWRITERS, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

**COMES NOW** Covington Specialty Insurance Company (hereinafter "Covington"), a Defendant in the above styled action, and files its Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), showing the Court that this action is barred by the doctrine of res judicata or in the alternative, collateral estoppel.

### I. PROCEDURAL POSTURE

On October 9, 2013, Petitioner Khristopher Pepper was shot in the right arm while visiting a service station located at 4160 Fulton Industrial Blvd., Atlanta,

Georgia 30336. (Complaint, ¶28). Petroleum Realty, II, LLC ("Petroleum Realty") and Florida Fuel Partners, LLC ("Florida Fuel") owned the service station at the time of the shooting and leased it to ASI Retail & Sales, Inc. ("ASI"). (Complaint, ¶¶ 12,13). On March 4, 2016, Plaintiff filed a Declaratory Judgment action to determine whether, pursuant to an insurance policy issued by Covington, coverage and a duty to defend were owed by Covington and its parent company, RSUI, to ASI, Florida Fuel, and Petroleum Realty in his underlying lawsuit alleging personal injuries. Plaintiff subsequently added Prime Rate Premium Finance Corporation, Inc. ("Prime Rate") as a named Respondent to the Declaratory Judgment action and accordingly, filed his First Amended Petition for Declaratory Judgment, which is attached for the Court's convenience as Exhibit A.

Both Covington and Prime Rate filed Motions for Summary Judgment which were granted by this Court on June 22, 2017[1]. *Pepper v. Covington Specialty Insurance Company, et al*, Civ. Action No. 1:16-CV-693-TWT, 2017 WL 2720437 (N.D.GA. June 23, 2017), (attached as Exhibit B and hereinafter referred to as "Dec. Action Order"). Plaintiff then filed a Motion for Reconsideration of the Court's Order only as it pertained to Prime Rate, which this

---

[1] Covington's parent company, RSUI Indemnity Company, was also a named Respondent in the Declaratory Judgment action and also filed for summary judgment, which was granted on June 22, 2017.

Court subsequently denied. *Pepper v. Covington Specialty Insurance Company, et al*, Civ. Action No. 1:16-CV-693-TWT, 2017 WL 3499871 (N.D.GA. Aug. 3, 2017).

Plaintiff Khristopher Pepper filed the instant action on October 3, 2017. As the allegations against Covington in Plaintiff's Complaint arise out of the same facts as his Declaratory Judgment action, for the breach of the same insurance policy, his claims are barred by the doctrine of res judicata or in the alternative, collateral estoppel.

II. **STATEMENT OF FACTS**

On or about March 19, 2013, Covington issued a Commercial General Liability Policy, identified by Policy Number VBA22903300 (the "Policy") to Mitamurshed Enterprise & Petroleum Realty DBA ("Mitamurshed Enterprise") with a policy period from February 28, 2013 to February 28, 2014. (First Amended Petition for Declaratory Judgment ¶¶ 6, 27, and 28; Plaintiff's Complaint, ¶¶ 16,17).[2] Prior to that, on February 26, 2013, Kumrun Alam, as CEO of Mitamurshed Enterprise, entered into a premium finance agreement with Prime Rate whereby Prime Rate agreed to advance loan proceeds for the full premium for

---

[2] Covington has cited to both Plaintiff's First Amended Petition for Declaratory Judgment and to Plaintiff's Complaint in this case to demonstrate that the two causes of action and underlying facts are identical for purposes of res judicata.

3

the Covington policy. (First Amended Petition for Declaratory Judgment, ¶ 31; Plaintiff's Complaint, ¶ 23). The agreement appointed Prime Rate as Attorney-in-Fact with authority to cancel the Policy. (Dec. Action Order at p. 2; Plaintiff's Complaint, ¶ 24).

On March 12, 2013, a Policy Endorsement was issued amending the declaration page to change the name insured from Mitamurshed Enterprise to ASI. (First Amended Petition for Declaratory Judgment, ¶ 32; Complaint, ¶ 25). The Policy Endorsement also added "Petroleum Realty and Florida Fuel Partners, LLC" as additional insureds under the Policy. (First Amended Petition for Declaratory Judgment, ¶ 34; Complaint, ¶ 25).

On June 3, 2013, Prime Rate mailed a "10 Day Notice of Intent to Cancel" the Policy to ASI, stating that the Policy would be cancelled effective June 18, 2013, for nonpayment. (Dec. Action Order pp. 2-3). As no payment was received, Prime Rate mailed a Notice of Cancellation to ASI with a cancellation effective date of June 18, 2013, for nonpayment. (*Id.* at 3.) On June 19, 2013, Prime Rate mailed a Notice of Cancellation to Covington requesting that Covington cancel the Policy for nonpayment. (First Amended Petition for Declaratory Judgment, ¶38; Plaintiff's Complaint, ¶ 26). Accordingly, Covington cancelled the Policy. (First Amended Petition for Declaratory Judgment, ¶41; Plaintiff's Complaint, ¶ 27).

Plaintiff, Khristopher Pepper, was shot on October 9, 2013. Covington was first notified of the occurrence through a written notice from legal counsel for Florida Fuel and Petroleum Realty on September 22, 2015, nearly two years after the shooting. (First Amended Petition for Declaratory Judgment, ¶ 55). Covington denied coverage primarily because the Policy had been cancelled four months prior to the shooting. (Complaint, ¶ 38).

### III. ARGUMENT AND CITATION OF AUTHORITY

**A.     Standard of Review**

In ruling on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must assume that the factual allegations of the Complaint are true and must construe the facts in the light most favorable to the Plaintiff. *Evanston Insurance Company v. Dillard House, Inc. et al.*, Civ. Action No. 2:16–CV–249–RWS, 2017 WL 3498953 (N.D. GA. June 28, 2017); *Hardy v. Regions Mortgage, Inc.*, 449 F.3d 1357, 1359 (11th Cir. 2006). Covington, as the moving party, shoulders the burden of establishing that Plaintiff can prove no facts that would entitle him to relief. *Wilson Auto Enterprises, Inc. v. Mobil Oil Corp.*, 778 F. Supp. 101, 103–04 (D.R.I. 1991).

B.  **Applicable Law**

The Eleventh Circuit has been inconsistent as to whether to apply state or federal res judicata law, however, since the federal doctrine of res judicata is substantially similar to the Georgia standard, it makes no material difference. *Duncan v. Citimortgage, Inc.,* No. 1:14-CV-3840-TWT-GGB, 2015 WL 11347598, at *3 (N.D. Ga. July 6, 2015), report and recommendation adopted, No. 1:14-CV-3840-TWT, 2015 WL 11492541 (N.D. Ga. Aug. 3, 2015). *See also, E.E.O.C. v. Pemco Aeroplex, Inc.,* 383 F.3d 1280, 1285 (11th Cir. 2004); *Waldroup v. Greene Cnty. Hosp. Auth.,* 265 Ga. 864, 463 S.E.2d 5, 7 (1995).

The Court must apply Georgia law on collateral estoppel. *Old Republic Nat. Title Ins. Co. v. Hartford Acc. & Indem. Co.*, 944 F. Supp. 2d 1327, 1336 (N.D. Ga. 2013).

C.  **Res Judicata**

"The doctrine of res judicata prevents the re-litigation of all claims which have already been adjudicated, or which could have been adjudicated, between identical parties or their privies in identical causes of action." *Lay Bros. v. Tahamtan*, 236 Ga. App. 435, 436, 511 S.E.2d 262, 263 (1999); O.C.G.A. §9-12-40.  For res judicata to apply, however, three prerequisites must be met: (1) identity

of the parties or their privies; (2) identity of the cause of action; and (3) previous adjudication on the merits by a court of competent jurisdiction. *Brown & Williamson Tobacco Corp. v. Gault*, 280 Ga. 420, 627 S.E.2d 549 (2006). All three are satisfied in this case.

   1.   Same Parties

It is undisputed that Plaintiff Pepper sued Defendant Covington in both the Declaratory Judgment action and in the case at bar, so the first criterion is easily met.

   2.   Same Cause of Action

Under Georgia law, "[a] cause of action [is] deemed to be the entire set of facts which give rise to an enforceable claim." *Harris v. Deutsche Bank Nat'l Tr. Co.*, 338 Ga. App. 838, 840, 792 S.E.2d 111, 114 (2016)(quoting *Crowe v. Elder*, 290 Ga. 686, 688, 723 S.E.2d 428, 430 (2012)). To determine whether there is identity of the cause of action and therefore, whether the second criterion is satisfied, the Court must examine "the subject matter and the issues raised by the pleadings in the two cases." *Crowe,* 290 Ga. at 688, 723 S.E.2d at 430 (2012).

Both the initial Declaratory Judgment action and this subsequent case arise out of the exact same facts: there is no difference whatsoever. Although the

paragraphs are re-arranged and two parties have been added, the allegations in the Petition for Declaratory Judgment and the Complaint in this case are indistinguishable. Res judicata applies even when "some new factual allegations have been made, some new relief has been requested, or a new defendant has been added." *Johnson v. Girl Scouts of the USA*, 596 F. App'x 797, 799 (11th Cir. 2015) (quoting *Dalton Paving & Constr., Inc. v. S. Green Constr. of Ga., Inc.,* 284 Ga. App. 506, 643 S.E.2d 754, 756 (2007)).

In both actions, Plaintiff alleged that Covington wrongfully cancelled ASI's Commercial General Liability Policy, Policy Number VBA22903300, and that therefore, there was no coverage available to satisfy the judgment against ASI. (First Amended Petition for Declaratory Judgment ¶¶ 6, 27, and 28 attached hereto as Exhibit A; Plaintiff's Complaint, ¶¶ 16,17). Plaintiff cannot circumvent the doctrine of res judicata and escape this Court's ruling on summary judgment by simply re-alleging the same facts and restating the same arguments in separate lawsuits. As William Shakespeare so beautifully wrote, "that which we call a rose by any other name would smell as sweet." Romeo and Juliet, Act II, Scene II. *See also*, *In re Piper Aircraft Corp.,* 244 F.3d 1289, 1297 (11th Cir. 2001)(quoting *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1239 (11th Cir.1999)("In determining whether the causes of action are the same, a court must compare the

8

substance of the actions, not their form. It is now said, in general, that if a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, that the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata.").

        3.      <u>Adjudication On The Merits By A Court of Competent Jurisdiction</u>

Finally, to satisfy the third criterion for res judicata, "the court must render a final determination as to the nature and extent of the rights of the parties," which this Court did in its Opinion and Order granting Covington's Motion for Summary Judgment in the Declaratory Judgment action. *Gajaanan Inv. LLC v. Shahil & Sohail Corp., Inc.*, 323 Ga. App. 694, 747 S.E.2d 713 (2013). A grant of summary judgment can support the dismissal of a subsequent suit under res judicata if it is an adjudication on the merits. *Roth v. Gulf Atl. Media of Georgia, Inc.*, 244 Ga. App. 677, 679, 536 S.E.2d 577, 580 (2000). In Plaintiff's first bite at the apple, this Court unequivocally held that O.C.G.A. § 33-22-13(c)(2), on its face, provided that Covington, as an insurer, was entitled to the conclusive presumption that the Prime Rate fully complied with the statutory notice of cancellation previsions and therefore, could not be held liable for Prime Rate's failure to properly cancel the policy. Relying in part on *Kolencik v. Stratford Ins. Co.,* 195 Fed. Appx. 855 (11th Cir. 2006), this Court specifically held that "regardless of whether a policy was

canceled properly or not, the dye is cast. . . . [T]he Policy having been canceled after Covington and RSUI received a cancellation notice from Prime Rate, Covington and RSUI are both off the hook for the Policy." (Exhibit B, Dec. Action Order at pp. 9-10). Thus, a court of competent jurisdiction rendered a final judgment on the merits of Plaintiff's claim. Plaintiff could have appealed, but did not. As all three prerequisites have been satisfied, the doctrine of res judicata applies and Plaintiff's Complaint in this case should be dismissed.

### D.  Collateral Estoppel

Plaintiff's claims are also barred by the doctrine of collateral estoppel, or issue preclusion. "[U]nlike res judicata, collateral estoppel does not require identity of the claim; so long as the issue was determined in the previous action and there is identity of the parties, that issue may not be re-litigated, even as part of a different claim." *Coffee Iron Works v. QORE, Inc.,* 322 Ga. App. 137, 744 S.E.2d 114 (2013).

Plaintiff's claims that Covington breached the contract of insurance by unilaterally reducing ASI's premium, failing to modify the Premium Finance

Agreement[3] accordingly, and then wrongfully cancelling the Policy, were all fully litigated in the Declaratory Judgment action and adjudicated by the Court in its issuance of summary judgment in Covington's favor. One has to look no further than Plaintiff's Brief in Response to Covington and RSUI's Motion for Summary Judgment in the Declaratory Judgment action to find nearly the exact language Plaintiff uses in his Complaint in this case. In his Brief, Plaintiff argued:

> Covington unilaterally reduced ASI's annual premium from $2,794.08 to $1,778.00; however, Covington and Prime Rate failed to modify the related Premium Finance Agreement and failed to notify ASI of such changes….. In other words, as of the date of the purported cancellation (*i.e.* June 18,2013), there was no default under the Premium Finance Agreement, as no payment was due by ASI to Prime Rate because ASI was entitled to a premium credit fully covering the premiums due and owing for June 2013. . . . Covington failed to act reasonably and in good faith when it provided Prime Rate with an overstated premium total for the Policy. The language of O.C.G.A. § 33-22-13(c)(2) does not insulate Covington from the results or liabilities of such actions.

(Plaintiff's Response in Opposition to Covington Specialty Insurance Company's and RSUI Indemnity Company's Motion for Summary Judgement at pp. 7-8, attached hereto as Exhibit C) The language of Plaintiff's Complaint in this case mirrors the above quote from his Brief in the Declaratory Judgment action:

57.

---

[3] Of course, Covington was not a party to the Premium Finance Agreement and had no ability to modify it.

11

Through various Policy endorsements, Covington and/or Seguros and/or TAPCO reduced ASI's annual premium from $2,794.08 to $1,778.00. However, ASI was not notified of the reductions. . . .

. . .

59.

Prime Rate, Covington, Seguros, and/or TAPCO knew or should have known that ASI was overpaying Prime Rate the annual premium due under the Policy.

. . .

64.

Those payments were enough to cover four (4) of the $105.79 monthly obligations that should have been due under the Agreement, including the payments due for March 2013, April 2013, May 2013 and June 2013.Consequently, no payments were or should have been due by ASI to Prime Rate for the month of June 2013.

65.

Given that no premium payments were due under the Policy for the month of June 2013, Prime Rate's and Covington's cancellation of the Policy on June 18, 2013 was unwarranted.

66.

Covington, Seguros and/or TAPCO breached their implied covenant of good faith and fair dealing under the Policy by: (i) knowingly causing ASI to overpay Prime Rate the annual premium due under the Policy; (ii) failing to provide ASI with credit for advanced premiums paid; and (iii) prematurely cancelling the Policy when they knew or should have known that no premium payments were then due by ASI because of the overpayment.

(Complaint, ¶¶ 57, 59, 64-66). The issues raised in Plaintiff's Complaint were, therefore, litigated and adjudicated on the merits between the same parties" in the Declaratory Judgment action. Consequently, the doctrine of collateral estoppel precludes Plaintiff from re-litigating them in this case. *Allen v. McGuire*, 339 Ga. App. 219, 222, 793 S.E.2d 151, 155 (2016).

## IV.    **CONCLUSION**

For the above-stated reasons, Covington respectfully requests that the Court grant its Motion to Dismiss for failure to state a claim, with prejudice.

Respectfully submitted,

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar Number: 004310
*Attorney for Defendant Covington*

LEVY & PRUETT
125 Clairemont Avenue
Two Decatur TownCenter
Suite 550
Decatur, Georgia 30030
susan@levypruett.com
Telephone: 404-371-8857
Facsimile: 404-371-8882

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1D, this is to certify that the foregoing **DEFENDANT COVINGTON'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** complies with the font and point selections approved by the Court in L.R. 5.1C. The foregoing document was prepared on a computer using Times New Roman 14 point font.

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar Number: 004310
*Attorney for Defendant Covington*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KHRISTOPHER PEPPER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PRIME RATE PREMIUM )<br>FINANCE CORPORATION, )<br>COVINGTON SPECIALTY )<br>INSURANCE COMPANY, )<br>SEGUROS UNIVERSAL, INC., )<br>d/b/a ATL INSURANCE, LLC, and )<br>TAPCO UNDERWRITERS, INC., )<br>)<br>Defendants. ) | CIVIL ACTION<br>FILE NO. 1:17-CV-03871-TWT |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the foregoing **DEFENDANT COVINGTON'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS** via the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

John A. Moore, Esq.
The Moore Law Group, LLC
1745 Martin Luther King Jr. Dr.
Atlanta, GA  30314
jmoore@moorelawllc.com
*Counsel for Plaintiff*

15

John Gregory Perry, Esq.
Womble Bond Dickinson, LLP
Suite 2400
271 17th Street, NW
Atlanta, GA 30363-1017
*Counsel for Defendant TAPCO Underwriters, Inc.*

Benjamin Power Ralston, Esq.
Y. Kevin Williams, Esq.
Weinberg Wheeler Hudgins Gunn & Dial, LLC-Atl
Suite 2400
3344 Peachtree Rd. NE
Atlanta, GA 30326
*Counsel for Defendant Prime Rate Premium Finance Corp.*

Rush S. Smith, Jr., Esq.
Crystal D. Filiberto, Esq.
Hall Booth Smith, PC
191 Peachtree St.
Suite 2900
Atlanta, Ga. 30303-1775
*Counsel for Defendant Seguros Universal, Inc.
d/b/a ATL Insurance, LLC*

This 9th day of November, 2017.

/s/ Susan J. Levy
SUSAN J. LEVY
Georgia Bar Number: 004310

LEVY & PRUETT
125 Clairemont Avenue
Two Decatur TownCenter
Suite 550
Decatur, Georgia 30030
susan@levypruett.com
Telephone: 404-371-8857
Facsimile: 404-371-8882