# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHRISTOPHER PEPPER,<br><br>      Plaintiff,<br><br>v.<br><br>SEGUROS UNIVERSAL, INC., d/b/a ATL INSURANCE, LLC,<br><br>      Defendant. | CIVIL ACTION FILE NO.<br>1:17-CV-03871-MLB |

## DEFENDANT'S NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION OF COVINGTON SPECIALTY INSURANCE CO.

TO:  Covington Specialty Insurance Co.
     c/o Susan J. Levy, Esq.
     Two Decatur Town Center
     125 Clairemont Avenue, Suite 550
     Decatur, Georgia 30030

**YOU ARE HEREBY NOTIFIED** that, pursuant to the terms and provisions of Federal Rules of Civil Procedure 26 and 30(b)(6), providing for the taking of depositions upon oral examination, Defendant will take the deposition of **Covington Specialty Insurance Co.** through one or more corporate representatives on **December 22, 2020**, beginning at **10:00 a.m.** The deposition will be taken remotely by virtual deposition facilitated by **Esquire Deposition Solutions**' virtual deposition platform and their court reporter, provided by counsel

for Defendant. The deposition will be recorded by stenographic means, and will continue day to day until examination is complete.

**Covington Specialty Insurance Co.** must designate one or more of its officers, directors, or managing agents, or other persons who consent and are prepared to testify about matters known or reasonably available to **Covington Specialty Insurance Co.** The matters on which each person so designated will be examined are listed on **Exhibit A**, attached hereto.

Pursuant to the terms and provisions of Federal Rule of Civil Procedure 30(b)(4), the deposition(s) will be taken before an official authorized to administer oaths and authorized by law to take and transcribe said deposition, and also may be recorded by sound or sound and visual means, in addition to stenographic means. Said deposition(s) will be taken for the purpose of discovery, for cross-examination, for preservation of evidence and testimony, and any and all other purposes authorized under the Federal Rules of Evidence and Georgia Civil Practice Act; and will continue from day to day until completion of examination(s).

This 11th day of November, 2020.

|  |  |
|---|---|
|  | **HALL BOOTH SMITH, P.C.** |
|  | */s/ Michael V. Profit* |
|  | RUSH S. SMITH, JR. |
| 191 Peachtree Street, N.E., Suite 2900 | Georgia Bar No. 663362 |
| Atlanta, Georgia 30303-1775 | MICHAEL V. PROFIT |
| (404) 954-5000 Telephone | Georgia Bar No. 359175 |
| (404) 954-5020 Facsimile |  |
| rsmith@hallboothsmith.com | *Attorneys for Defendant Seguros* |
| mprofit@hallboothsmith.com | *Universal, Inc., d/b/a ATL Insurance* |

# **EXHIBIT "A"**

Defendant requests the representative at **Covington Specialty Insurance Co.** that is most knowledgeable about the following topics:

1. The agency relationship, between Defendant Seguros Universal, Inc. [hereinafter "Defendant"] and the insurer, managing agent, and financing creditor involved in both commercial general liability policy no. VBA22903300, between Covington Specialty Insurance Company and ASI Retail & Sales, Inc. / Mitamorshed Enterprise & Petroleum Realty DBA, and Petroleum Realty II, LLC / Florida Fuel Partners, LLC [hereinafter "the Policy"]; and the premium finance agreement, between Prime Rate Premium Finance Corporation and ASI Retail & Sales, Inc. / Mitamorshed Enterprise & Petroleum Realty DBA, account no. GA-1198655 [hereinafter "the Agreement"].

2. The business relationship, between Defendant and the insurer, managing agent, and financing creditor involved in both the Policy and the Agreement.

3. The factual bases for **Covington Specialty Insurance Co.**'s Answer to Plaintiff's Complaint, filed October 3, 2017 with the Court.

4. The factual bases for **Covington Specialty Insurance Co.**'s Responses to Defendant's Non-Party Requests for Production of Documents.

5. Negotiating and entering into, or facilitating the production of, insurance policies and premium finance agreements generally, and specifically related to the Policy and the Agreement.

6. Contact and communications by and among the insurer, insured, managing agent, financing creditor, agent, and broker, regarding the formation and management of insurance policies and premium finance agreements generally, and specifically related to the Policy and the Agreement.

7. The terms, obligations, and expectations of the Policy.

8. The terms, obligations, and expectations of the Agreement.

9. Management of and knowledge regarding an insured's account, and an insured's understanding of their account management generally, and specifically related to the Policy's insureds.

10. Obligations and responsibilities of the insurer, insured, managing agent, financing creditor, agent, and broker, regarding day-to-day activity of an insured's account generally, and specifically related to the Policy's insureds.

11. Contact and communications by and among the insurer, insured, managing agent, financing creditor, agent, and broker, regarding day-to-day activity of an insured's account generally, and specifically related to the Policy's insureds.

12. Affirmative account actions, by the insurer, managing agent, and financing creditor, including but not limited to ordering property inspections, issuing endorsements, re-calculating premium amounts, notifications to involved parties, and insured participation therein generally, and specifically related to the Policy's insureds.

13. Contact and communications by and among the insurer, insured, managing agent, financing creditor, agent, and broker, regarding affirmative account actions, including but not limited to ordering property inspections, issuing endorsements, re-calculating premium amounts, notifications to involved parties, and insured participation therein generally, and specifically related to the Policy's insureds.

14. Payments made by insureds ASI Retail & Sales, Inc. / Mitamorshed Enterprise & Petroleum Realty DBA, Florida Fuel Partners, LLC, and Petroleum Realty II, LLC, under the Agreement.

15. An insured's default, under either a finance agreement or insurance policy, and remedial steps taken by insurer, insured, managing agent, financing creditor, agent, and broker generally, and specifically related to the Policy's insureds.

16. Contact and communications by and among the insurer, insured, managing agent, financing creditor, agent, and broker, regarding default, under either a finance agreement or insurance policy, and remedial steps taken generally, and specifically related to the Policy's insureds.

17. Obligations and responsibilities of the insurer, insured, managing agent, financing creditor, agent, and broker, regarding and insured's default, under either a finance agreement or insurance policy generally, and specifically related to the Policy's insureds.

18. Steps taken to effect cancellation of an insurance policy, and notifications by and among insurer, insured, managing agent, financing creditor, agent, and broker related to such steps generally, and specifically related to the Policy's insureds.

19. Contact and communications by and among the insurer, insured, managing agent, financing creditor, agent, and broker, regarding cancellation of an insurance policy, and notifications related thereto generally, and specifically related to the Policy's insureds.

20. Cancellation of an insurance policy, and notifications by and among insurer, insured, managing agent, financing creditor, agent, and broker related to such cancellation generally, and specifically related to the Policy's insureds.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KHRISTOPHER PEPPER,<br><br>    Plaintiff,<br><br>v.<br><br>SEGUROS UNIVERSAL, INC., d/b/a ATL INSURANCE, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br><br>1:17-CV-03871-MLB |

## CERTIFICATE OF SERVICE OF DISCOVERY

I hereby certify that I have this date served a copy of **DEFENDANT SEGUROS UNIVERSAL, INC., d/b/a ATL INSURANCE, LLC's NOTICE OF FED. R. CIV. P. 30(B)(6) DEPOSITION OF COVINGTON SPECIALTY INSURANCE CO.** upon all parties to this matter by U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

| | |
|---|---|
| John A. Moore, Esq.<br>THE MOORE LAW GROUP, LLC<br>1745 Martin Luther King Jr. Drive<br>Atlanta, Georgia 30314<br>jmoore@moorelawllc.com | Susan Joy Levy, Esq.<br>LEVY PRUETT CULLEN<br>Two Decatur Town Center<br>125 Clairemont Avenue, Suite 550<br>Decatur, Georgia 30030<br>susan@levypruett.com |

- 7 -

| | |
|---|---|
| Y. Kevin Williams, Esq.<br>Shannon V. Barrow, Esq.<br>WEINBERG WHEELER HUDGINS<br>GUNN & DIAL, LLC<br>Suite 2400<br>3344 Peachtree Road, N.E.<br>Atlanta, Georgia 30326<br>bralston@wwhgd.com | John G. Perry, Esq.<br>WOMBLE BOND<br>DICKINSON (US) LLP<br>271 17th Street, N.W.<br>Suite 2400<br>Atlanta, Georgia 30363<br>joperry@wcsr.com |
| Stephen T. LaBriola, Esq.<br>Michael C. Gretchen, Esq.<br>FELLOWS LABRIOLA, LLP<br>225 Peachtree Street, N.E.<br>South Tower, Suite 2300<br>Atlanta, Georgia 30303-1731<br>slabriola@fellab.com | |

Respectfully submitted this 11th day of November, 2020.

**HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| | */s/ Michael V. Profit*<br>RUSH S. SMITH, JR.<br>Georgia Bar No. 663362 |
| 191 Peachtree Street, N.E.<br>Suite 2900<br>Atlanta, Georgia 30303-1775<br>(404) 954-5000 Telephone<br>(404) 954-5020 Facsimile<br>rsmith@hallboothsmith.com<br>mprofit@hallboothsmith.com | MICHAEL V. PROFIT<br>Georgia Bar No. 359175<br><br>*Attorneys for Defendant Seguros*<br>*Universal, Inc., d/b/a ATL Insurance* |